## 8847

### STATE v. NEWMAN *ET AL.*

#### (81 S. E. 667.)

REQUESTS TO CHARGE. APPEAL AND ERROR. EXCEPTIONS. HARMLESS ERROR.

1. An exception that the trial Judge failed to charge additional propositions of law, which were not requested, presents no error.
2. An exception to a charge, failing to show what the charge was, will not be considered.
3. In a prosecution for assault and battery with intent to kill, an exception to a charge on the law of mutual combat, not shown to have been prejudicial to the rights of defendants, was not ground for reversing a conviction.

Before SEASE, J., Chester, November, 1912. Affirmed.

Albert Newman and Elmore Mobley were indicted for an assault and battery with intent to kill, and being convicted of an assault and battery of a high and aggravated nature, appeal on the following exceptions:

"That his Honor, the presiding Judge, erred, it is respectfully submitted, in charging the jury as follows:

"(1) 'I charge you, as a matter of law, where two persons commit an offense, one standing by and seeing the other, aiding and abetting him, and being present aiding and abetting in the commission of the offense, the one who stands by thus aiding and abetting is as guilty as the one who actually commits the manual act. For example, if two persons waylay another in order to take his life, take that other's life, and one does the actual shooting or cutting, as the case may be, and the other stands by aiding and abetting, to give assistance, within the presence of the other, within range in order to give assistance, although he did not do anything as to pulling the trigger or cutting the person, he would be as guilty as the man who did the shooting or cutting. They would both be principals'—without also charging the jury in that connection the converse of the proposition: *i. e.*, that if the defendants were together, and one committed the alleged assault and battery without the concurrence, aid, and assistance of the other, that he alone would be responsible for the offense.

"(2) In not charging the true rule, as applicable to the case, that, where two defendants are on trial, charged with having together committed the same offense, if one did the act, and the other was present aiding and abetting in the common purpose, both would be responsible, for the act of one would be the act of both, provided the act was in pursuance of or incidental to the common purpose; but, if the act committed had no connection with the common object, or was committed by one defendant without the aid or concurrence of the other, the party who committed it would alone be responsible for the consequences, although the other was present when the unlawful act was committed.

"(3) That the Court was in error, it is respectfully submitted, in charging the jury the law relative to mutual combat, because there was absolutely no evidence in the case that

the parties had entered into any agreement to fight, and the same was misleading to the jury, and militated against defendants' plea of self-defense."

*Mr. W. H. Newbold,* for appellant, cites: 66 S. C. 3. *Charge on facts:* 36 S. C. 532; 27 Ala. 37; 4 Am. & Eng. Enc. of L. (1st ed.) 620; 67 S. C. 322.

*Mr. Solicitor Henry,* for respondent.

May 6, 1914.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The defendants were indicted jointly for assault and battery with intent to kill, and were convicted of assault and battery of a high and aggravated nature. They appealed from the sentence of the Court, on exceptions which will be reported.

First exception. The only error assigned by this exception is that his Honor, the presiding Judge, failed to charge an additional proposition of law, which was not requested. It is not necessary to cite authorities to show that this exception cannot be sustained.

Second exception. This exception is also overruled, for the reason that there was not a request for his Honor, the Circuit Judge, to charge the proposition therein mentioned.

Third exception. In the first place, the exception fails to show what the Circuit Judge charged in regard to the law of mutual combat, but, waiving such objection, it has not been made to appear that the charge was prejudicial to the rights of the defendants.

Appeal dismissed.